## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

In re                                              :         Chapter 7

CAROLE A. ZMIJEWSKI                    :         CASE NO. 08-40672-JBR

DEBTOR                                          :

### MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO HOMESTEAD

This matter came before the Court for a non-evidentiary hearing on the Chapter 7

Trustee's Objection to Homestead Exemption.  At issue is whether the homestead

exemption protects both the Debtor's life tenancy and her interest in a trust which holds

the residual interest.

## FACTS

The facts are not in dispute.  In or around June 2005 the Debtor and her husband

bought a condominium in Sutton, Massachusetts (the "Real Estate") and paid cash for

the purchase.  On or about January 16, 2006 the Debtor and her husband created the

Zmijewski Family Trust (the "Trust").  The Trust instrument declares the Trust to be

irrevocable but also provides that the Trust may be terminated by a vote of the majority

of its beneficiaries.  The Debtor and her spouse are the co-trustees and own 100% of

the beneficial interest as tenants by the entirety.  On the same day, the Debtor and her

husband granted each of them a life estate in the Property and gave the remainder

interest to the Trust.  In November 2007 the Debtor executed and recorded a

Declaration of Homestead pursuant to M.G.L. c. 188, § 1A.

On March 6, 2008 the Debtor filed a voluntary petition under chapter 7 of the

Bankruptcy Code.   She listed the Property on Schedule A and described her interest as

a "50% beneficial interest" in the Property; she claimed the same interest as fully

exempt on Schedule C.  The parties agree that the Debtor holds a life estate in the

Property, as does her non-debtor husband, and that she and her husband hold a

beneficial interest in the remainder as tenants by the entirety. The Trustee objected.

The Debtor has not amended her schedules so it is unclear whether she is claiming that

the homestead protects the life tenancy, her interest in the remainder, or both.

Following oral argument, the parties submitted memoranda.  The Debtor's

memorandum, along with her counsel's statements at oral argument suggest that she is

claiming homestead protection for both her life tenancy and her trust interest.

**DISCUSSION**

The Massachusetts homestead exemption of M.G.L. c. 188, § 1A protects "[t]he

real property or manufactured home of persons sixty-two years of age or older,

regardless of marital status, or of a disabled person...against attachment, seizure or

execution of judgment to the extent of $500,000...."  The Trustee acknowledges that the

Debtor's homestead protects her life estate.  The Debtor, however, seeks protection for

the remainder interest on the theory that she holds both a legal and equitable interest to

the Property.

As the parties acknowledge, the homestead exemption is to be liberally

construed.  *Dwyer v. Cempellin*, 424 Mass. 26, 673 N.E.2d 863 (1996).  That does not

mean that the Debtor may claim a homestead in two different estates.  In fact, the law is

the opposite: no individual can claim more than one homestead.  M.G.L. c. 188, § 2

(providing in part, "The acquisition of a new estate or claim of homestead shall defeat

and discharge any such previous estate."); *In re Garran*,338 F.3d 1, 7 (1st Cir. 2003).

Therefore the Debtor cannot protect both her life estate and her interest in the Trust.

More importantly, the Trust interest is *not* an interest in real estate.  She holds an interest in the Trust and such interest is personal property, not real estate.  *In re Bowers,* 222 B.R. 191, 193 (Bankr. D. Mass.1998).  *See also Markham v. Fay*, 74 F.3d 1347, 1361 (1st Cir.1996)("Where, as here, a trust contains both real and personal property, and the trust instrument directs that the trust assets be liquidated upon termination of the trust, the beneficiaries' interests are personal property from the trust's inception. *See Priestley v. Burrill*, 230 Mass. 452, 120 N.E. 100, 104-05 (1918); *Dana v. Treasurer and Receiver General*, 227 Mass. 562, 116 N.E. 941, 943-44 (1917).").  As the court noted in *Bowers,* the Debtor does not live in the trust, she lives in the *res* of the Trust.

Moreover the Debtor's reliance on Judge Boroff's decision in *In re Szwyd,* 346 B.R. 290 (Bankr. D. Mass 2006), *aff'd Houghton v. Szwyd (In re Szwyd)*, 370 B.R. 882 (1st Cir. B.A. P.  2007), is misplaced.  In that case the debtor was the sole trustee and sole beneficiary of a trust.  Therefore, under the doctrine of merger, he held a fee interest in the trust res.  Here the Debtor has not argued that she holds title to the Property under the doctrine of merger and therefore the Court will not undertake such an analysis of whether the doctrine, which is an equitable one, should be applied.

3

**CONCLUSION**

For the reasons set forth, the Trustee's Objection is SUSTAINED.

A separate Order shall issue.

Dated: July 1, 2008                    _____
                                        Joel B. Rosenthal
                                        United States Bankruptcy Judge